Filed 5/31/24 P. v. Reading CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B330489 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA098537) |
| v. | |
| MICHAEL S. READING, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Thomas Rubinson, Judge. Affirmed.

Sabrina R. Damast, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Michael S. Reading was charged by amended information with one count of attempted second degree robbery (Pen. Code, §§ 664, 211)[1] and one count of making criminal threats (§ 422).  The information alleged five aggravating circumstances (Cal. Rules of Court, rule 4.421(b)(1)-(5)), and that defendant was convicted of two prior felonies for purposes of section 1203, subdivision (e)(4).

A jury found defendant guilty of both counts.  Pursuant to the parties' agreement, defendant admitted the aggravating circumstance that he served a prior term in prison or county jail under section 1170, subdivision (h) (Cal. Rules of Court, rule 4.421(b)(3)), and that he was convicted of the prior felonies. The People dismissed the remaining aggravating circumstances.

At the probation and sentencing hearing, defendant moved to reduce the criminal threats count to a misdemeanor.  The court granted the request.  The court sentenced defendant to the midterm of two years in state prison for the attempted robbery and six months in county jail for making criminal threats, to run concurrently with the prison sentence.  The court awarded defendant 156 days of custody credit, calculated as 136 days of actual custody and 20 days of good time/work time credit.

Defendant filed a notice of appeal from the judgment. Thereafter, defendant filed a motion to augment the record on appeal with a minute order showing the trial court corrected defendant's presentence credits, which was granted.  The trial court noted the correct credits for defendant were 136 days of actual custody and 136 days of good time/work time credit for a total of 272 days.

---

[1]      All statutory references are to the Penal Code.

2

After reviewing the record, defendant's court-appointed counsel filed an opening brief under *People v. Wende* (1979) 25 Cal.3d 436, asking this court to independently review the record. On January 19, 2024, we directed defendant's counsel to send defendant the record and a copy of the opening brief, and we notified defendant he had 30 days to file a supplemental brief raising any contentions or arguments he wished this court to consider.  Defendant did not file a supplemental brief.

We have examined the entire record and are satisfied that no arguable issues exist.  Defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 109–110.)

## DISPOSITION

The judgment is affirmed.


MORI, J.

We concur:



CURREY, P. J.



COLLINS, J.